# MICHAEL HUESTON
### ATTORNEY AT LAW

| | |
|---|---|
| 16 COURT STREET | Tel: (718) 246-2900 |
| 35TH FLOOR | Fax: (718) 246-2903 |
| BROOKLYN, NEW YORK 11241 | Email: mhueston@nyc.rr.com |

ADMITTED NY

September 18, 2022

**BY ECF**
The Honorable Raymond J. Dearie
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *United States of America v. Smith, et al.*, 19 Cr. 287 (RJD)

Your Honor:

      Gary Kaufman and I represent defendant Jessie Smith.  We write in opposition to the government's request for forfeiture of "$467,618.75".  Doc. No. 219.  This late Friday submission is yet another attempt at overreach by the government.  It should be rejected for the following reasons.

      Notably, it is late.  *See* Rule 32.2(a) and (b)(2)(B) ("*Timing.* Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4).").  The government should have provided this submission weeks ago.  Perhaps tomorrow, it will explain its delay.  Nevertheless, we submit that for the foregoing reasons, the record is sufficient to dispose of the government's request outright.

      As stated in our sentencing submissions at Doc. Nos. 170, 173 and 216, which we incorporate herein, the proposed amount is unsupported.  It relies exclusively on conjecture and surmise.  *See* U.S.S.G. §2D1.1(a)(5).  When estimating the quantity of narcotics, while the court may consider all relevant information, *United States v. Blount*, 291 F.3d 201, 215 (2d Cir. 2002), including evidence that would not be admissible at trial, U.S.S.G. § 6A1.3, it must rely on "specific evidence - e.g., drug records, admissions or live testimony." *United States v. Shonubi*, 103 F.3d 1085, 1089 (2d Cir. 1997).  The "specific evidence" standard set forth in *Shonubi* requires "evidence that points specifically to a drug quantity for which the defendant is responsible." *Id.* At 1089–90.

      In addition, the request is completely at odds with the forfeiture orders already in place in this case: (1) Tyrell Spellman: **$110.00**, Doc. No. 93-1; and (2) Kendall Johnson: **$150.00**, Doc. No. 149-1.  These prior orders prove the government's overreach against Mr. Smith.  The government continually refuses to cabin its applications based on reality when it comes to him.

2

In this context, this submission is aspirational, not factual. It also shows that the government recklessly seeks to treat similarly situated defendants differently.

Finally, to put it mildly, the government's request contradicts its own earlier proposed forfeiture to Mr. Smith of "**$870.00**". *See* Proposed Plea Agreement, Doc. 170. So, this attempt to have this Court adopt this fantastical "$467,618.75" amount should be viewed with deep skepticism.

Frankly, the government should stop its continuous attempts to shift the sands of this litigation to see what hopefully sticks. Accordingly, the forfeiture should be for no more than "$870.00.

Sincerely,

s/ Michael Hueston

Cc: Counsel Record